IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Selena Sumter,<br><br>        Plaintiff<br>   v.<br><br>Jenny Craig, Inc., Tamara Draut,<br>Krystian Ellisor, and Josephine Lenartz,<br>in their individual capacities,<br><br>        Defendants. | C/A. No. 3:14-cv-4460-CMC-SVH<br><br><br><br>**Opinion and Order** |

Through this action, Plaintiff Selena Sumter ("Plaintiff") seeks recovery from her former employer, Jenny Craig, Inc. ("JCI"), for alleged employment discrimination based on her race, pursuant to 42 U.S.C. § 2000e, *et seq.*; for discrimination based on her age, pursuant to 29 U.S.C. § 621, and for defamation. ECF. No. 1, Attachment 1. She also asserts a claim of civil conspiracy against Tamara Draut ("Draut"), Krystian Ellisor ("Ellisor"), and Josephine Lenartz ("Lenartz"), collectively, the "Individual Defendants." *Id.* The matter is before the court on Defendants' Motion for Summary Judgment, filed December 16, 2015. ECF No. 22. Plaintiff filed her response in opposition on January 4, 2016. ECF No. 24. Defendants filed a reply on January 11, 2016. ECF No. 25.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 23, 2016, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted. ECF No. 30. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff was granted an

extension of time to file objections to the Report (ECF No. 38), and filed her objections on April 25, 2016. ECF No. 39. Defendants filed a reply on May 9, 2016. ECF No. 40. This matter is now ripe for resolution.

I.   **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the district court must "view the evidence in the light most favorable to the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (citing *Tolan v. Cotton*, 134 S.Ct. 1861, 1868 (2014) (per curiam)). "Summary Judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Id.* Therefore, the court cannot weigh the evidence or make credibility determinations. *Id.* at 569. The district court may not "credit[] the evidence of

the party seeking summary judgment and fail[] properly to acknowledge key evidence offered by the party opposing that motion." *Id.* at 570.  However, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation that Defendants' motion for summary judgment should be granted.  Accordingly, the court adopts the Report by reference in this Order, going beyond the reasoning of the Report where necessary to address the entirety of Plaintiff's claims. For the reasons stated in the Report and as further addressed below, Defendants are entitled to summary judgment on all claims.

**II.     Discussion**

Plaintiff presents three objections to the Report, essentially arguing that the Magistrate Judge's findings regarding each of her claims were error and that all claims should survive summary judgment.  The objections are discussed below in turn.

   a. *Plaintiff's Federal Discrimination Claims*

Plaintiff argues that the Magistrate Judge erred in finding that her race and age discrimination claims fail as a matter of law.  This objection focuses on the Report's finding that Plaintiff did not offer valid comparators to establish the fourth element of her prima facie case in the pretext framework for demonstrating discrimination.  ECF No. 39, at 8; ECF No. 30, at 10-12.

3

Specifically, Plaintiff argues that Ellisor is a valid comparator, and that the Magistrate Judge did not consider the totality of the evidence regarding this issue. However, this court finds that, while Ellisor later occupied the same supervisory position from which Plaintiff resigned, and complaints were made about her as a supervisor, there is simply not enough evidence of similarity to consider Ellisor a valid comparator. First, there is no evidence as to the nature of the complaints against Ellisor. Therefore, the court is unable to determine whether the complaints against Ellisor were as serious in nature as those against Plaintiff. In addition, while Plaintiff argues that a specific employee made seven complaints against Ellisor, and only one complaint about Plaintiff when she was in the same position, it is undisputed that Plaintiff was the subject of complaints made by other employees as well, and was written up at least once regarding a complaint. Finally, there is no evidence regarding JCI's response to any of the complaints against Ellisor to determine whether the employer treated Plaintiff differently, either during or after its investigation of any complaint, or if any complaint was serious enough for JCI to write Ellisor up or otherwise discipline her. Therefore, as Plaintiff does not have sufficient evidence regarding her only alleged comparator, she is unable to show she was treated differently. Thus, Plaintiff is unable to state a claim for discrimination based on race or age.

Plaintiff does not specifically object to any other aspect of the race or age discrimination claims. Although Plaintiff "further relies on the evidence and arguments presented in her brief to establish pretext for summary judgment, which the Plaintiff cites to and incorporates herewith," *de novo* review is not required when objections are general and conclusory. *Smith v. Nuth*, 98 F.3d 1335 (Table), 1996 WL 593792 at *1 (4th Cir. 1996) (citing *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982)). Specific objections are necessary in order to focus the court's attention on disputed issues. *Thomas v. Arn,* 474 U.S. 140, 147-48 (1985). Because general objections do not direct the

4

court's attention to any specific portions of the report, general objections to a magistrate judge's report are tantamount to a failure to object. *Smith*, 98 F.3d at 1335; *Howard v. Secretary of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991).

Therefore, while the court has considered Plaintiff's objection *de novo*, it reviews the remainder of the discrimination portion of the Report for clear error only. Finding none, the court adopts this portion of the Report in its entirety and grants summary judgment to Defendants on the race and age discrimination claims.

    b. *Defamation Claim*

Regarding Plaintiff's defamation claim, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff failed to present a valid claim because her evidence is inadmissible hearsay. In support of her defamation claim, Plaintiff presents affidavits averring that she and two other affiants (Ogbuewe and Sparks) were told that Plaintiff threw a chair or hit an employee and was fired because of it. However, neither Plaintiff nor Ogbuewe had personal knowledge or awareness of this alleged statement, and Plaintiff has not produced an affidavit or testimony from anyone who allegedly originated this information; instead, it is only third-hand that any of the persons submitting affidavits heard this rumor.[1] Such statements, even when contained in sworn affidavits, are hearsay and thus are not proper support for an opposition to a summary judgment motion. *See* Fed. R. Civ. P. 56(c)(4) ("Supporting. . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *see also Greensboro Prof. Fire Fighters*

---

[1] Plaintiff produced one affidavit from affiant Sparks who heard this statement directly. This evidence will be addressed below.

*Ass'n v. Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995) (inadmissible hearsay "is neither admissible at trial nor supportive of an opposition to a motion for summary judgment"). In fact, most of the statements cited by Plaintiff in support of this claim are double hearsay.

Although Plaintiff argues that the statements in the affidavits constitute "non-hearsay original evidence or fall within an exception to the hearsay rule or otherwise allowed to the extent it is characterized as hearsay," none of these end-runs around the hearsay rule is availing.

      i. Rule 801(d)

The averments by Plaintiff and Ogbuewe are double hearsay and are not exclusions as found in Fed. R. Evid. 801(d)(2)(D) for an opposing party's statement, as there is no evidence that they were authorized by JCI or made within the scope of employment. To introduce a statement under Rule 801(d)(2)(D) the record must reveal "independent evidence establishing the existence of the agency." *Sutton v. Roth, L.L.C.*, 361 F. App'x 543, 547-48 (4th Cir. 2010) (citing *United States v. Portsmouth Paving Corp.,* 694 F.2d 312, 321 (4th Cir. 1982)). Neither do the statements qualify as non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements of co-conspirators (see further discussion in Section c, below).

Sparks' averment that she heard the statement regarding Plaintiff's purported termination directly from Lenartz, however, is different. In her objections to the Report, Plaintiff cites a paragraph in Sparks' affidavit that states: "During my employment with Jenny Craig, Inc., I received a phone call from Centre Director Josey Lenartz who told me that Selena Sumter was terminated from her employment with Jenny Craig, Inc., because Selena struck another employee." Sparks Affidavit ¶ 9 (ECF No. 39 at 4). If Lenartz, a Centre Director at a different JCI location, was acting as an agent of JCI at the time she made the statement, JCI could potentially be held liable for the alleged defamatory statement. *See Murray v. Holnam*, 542 S.E.2d 743, 748 (S.C. Ct.

6

App. 2001) (under South Carolina law, "a principal may be held liable for defamatory statements made by an agent acting within the scope of his employment or within the scope of his apparent authority.").

In order to prove that an alleged defamatory statement was made within the scope of an employee's employment, a plaintiff must prove that the act was both: reasonably necessary to accomplish the purpose of the employee's employment, and in furtherance of the master's business." *Park v. Se. Serv. Corp.*, 771 F.Supp.2d 588, 592 (D.S.C. 2011); *see also Armstrong v. Food Lion, Inc.*, 639 S.E.2d 50, 53 (S.C. 2006).

In this case, Plaintiff simply has not produced sufficient evidence that Lenartz's statement to Sparks, as relayed in Sparks' affidavit, was "reasonably necessary to accomplish the purpose of the employee's employment and in furtherance of the master's business." *Park*, 771 F.Supp.2d 592 (citing *Armstrong*, 639 S.E.2d at 52). First, Lenartz neither worked at the same location as Plaintiff, nor was she Plaintiff's supervisor. Second, as to the timing of the statement, Sparks recalled only that it was "during her employment with JCI" when Lenartz called and made the statement regarding Plaintiff. The statement was clearly made after Plaintiff resigned, and there is no evidence that Lenartz had any role in her resignation. Therefore, it was not reasonably necessary to accomplish Lenartz's employment. Third, Plaintiff has no deposition testimony or documentation showing Lenartz's purpose was to serve her employer when she allegedly made the defamatory statement. For these reasons, Plaintiff has failed to show that the alleged defamatory statement was made in the scope of Lenartz's employment, as required to hold JCI accountable for the statement.

7

## ii. Hearsay Exception Rule 803(21)

Next, Plaintiff argues that if the affidavit statements are hearsay, they fall under the exception in Fed. R. Evid. 803(21) as statements as to reputation and character. Plaintiff does not expand on her assertion as to how this applies, and these statements do not pertain to Plaintiff's character among her associates or in the community. For example, they are not statements regarding her truthfulness or honesty. Plaintiff instead seeks to admit these statements because they purportedly contain the defamation against her. This is undoubtedly hearsay and not within this exception.

### iii. Rule 807

Finally, Plaintiff argues that the statements should be considered "to meet the interests of justice" under Fed. R. Evid. 807. These statements clearly do not meet the requirements of that rule, as the statements do not have "equivalent circumstantial guarantees of trustworthiness," and are not "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807.

### iv. Defamation Conclusion

Plaintiff's affidavits supporting her defamation claim contain hearsay statements that cannot be used as evidentiary support in opposition to summary judgment. While the Magistrate Judge recommended summary judgment, this court goes beyond the findings of the Magistrate Judge in order to address the agency and scope of employment issue. Having determined that summary judgment is appropriate, this court adopts the conclusion of the Magistrate Judge and grants summary judgment to Defendants on this claim.

      c. *Civil Conspiracy Claim*

Plaintiff also objects to the Magistrate Judge's findings regarding her civil conspiracy claim. Specifically, Plaintiff claims that the Magistrate Judge erred in finding that Plaintiff "fails to identify additional acts in furtherance of the conspiracy and fails to provide special damages distinct from her other claims." ECF No. 39, at 5 (citing ECF No. 30, at 14-16).

Plaintiff argues that her evidence of the civil conspiracy is sufficient to infer that a conspiracy against her existed. However, as noted by the Magistrate Judge, Plaintiff's evidence of this conspiracy consists almost entirely of inadmissible hearsay and inferences drawn from that inadmissible evidence. *See* ECF No. 39, at 6 ("Plaintiff testified that she was specifically told. . .; [a]nother employee then came to Plaintiff and said. . . "). The only other evidence cited by Plaintiff in her objections was an averment by affiant Sparks, noting the "tension she observed between Draut and Plaintiff," (*Id.*) which is clearly insufficient to establish a claim for civil conspiracy.

      i. Hearsay

Although the Magistrate Judge identified the statements made in Plaintiff's affidavit as hearsay evidence, Plaintiff argues that these statements are not hearsay because they are statements of co-conspirators; or, if they are hearsay, that they should be allowed as an exception to the hearsay rule in the interests of justice. However, the statements do not qualify as statements of co-conspirators under Fed. R. Evid. 801(d)(2)(E).

For a statement to be admitted under Rule 801(d)(2)(E), the existence of a conspiracy must be shown by independent evidence *before* the hearsay statement is admitted. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'""); *U.S. v. Shores*, 33 F.3d 438, 442 (4th Cir. 1994);

*U.S. v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) ("[The statement's] admissibility turns on the existence of substantial evidence of the conspiracy other than the statement itself."). Although the existence of a conspiracy may be supplemented by the disputed hearsay statement, the party seeking to admit the statement must prove the existence of a conspiracy by a preponderance of the evidence before a hearsay statement can be admitted under Fed. R. Evid. 801(d)(2)(E). *Campbell v. Lyon*, 26 F. App'x 183, 189 (4th Cir. 2001) (citing *Bourjaily*, 483 U.S. at 175). In this case, the only arguable non-hearsay evidence in support of the alleged conspiracy is that Plaintiff was written up, and that she "disagreed with" the write-up which she contends was in furtherance of the conspiracy to replace her with Ellisor. However, Plaintiff offers no evidence regarding the write-up, including the reason for it and whether it was legitimate. Plaintiff's proffered evidence is simply not sufficient to prove the existence of a conspiracy by a preponderance of the evidence.

In addition, as explained above, the statements do not meet the requirements to be admitted in the interests of justice under Fed. R. Evid. 807. Therefore, Plaintiff has failed to provide sufficient, admissible evidence to support her civil conspiracy claim.

        ii. Special Damages

Plaintiff argues that she has sufficiently pled special damages, and that the Magistrate Judge erred in finding that she did not. Plaintiff asserts that her special damages for this claim include "being ostracized, blacklisted, incurring costs and fees and she sought counseling and suffered physical impairment, pain and suffering, and emotional distress related to her civil conspiracy claim." ECF No. 39, at 7. However, the Magistrate Judge fully considered these damages, and found that they did not qualify as special damages as required for a civil conspiracy claim. This court has reviewed the portion of the Report regarding special damages and Plaintiff's objections *de novo*, and, considering the record and the applicable law, agrees with the Report's

recommendation on this issue. Accordingly, the court adopts by reference the portion of the Report regarding special damages.

Plaintiff has failed to introduce admissible evidence to support her civil conspiracy claim on summary judgment. Further, she has failed to establish special damages as required for a civil conspiracy claim. Therefore, summary judgment on this claim is proper.

**III.    Conclusion**

Having conducted a *de novo* review of the Report and underlying motion and related memoranda, and having fully considered Plaintiff's objections, the court adopts the conclusions of the Report, although going beyond the reasoning of the Report to reach the same result on the defamation claim. Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 21, 2016